PEOPLE, PLAINTIFF AND APPELLEE, v. ESCRIBA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 15 of the Weights and Measures Act.

No. 1225.—Decided March 18, 1918.

INFORMATION — WEIGHTS AND MEASURES — FRAUD. — Neither the Penal Code nor the Weights and Measures Act requires an information for the violation of section 15 of the act to state that the defrauding was for the benefit of the defendant or of any other person.

ID.—ID.—CRIMINAL INTENT.—Criminal intent is not a necessary element of the crime defined and penalized by the Weights and Measures Act of August 18, 1913, therefore it need not be alleged nor proved.

The facts are stated in the opinion.

*Messrs. Antonio Trujillo Güil* and *J. Martínez Dávila* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was convicted of having illegally, voluntarily and maliciously given a false weight to some loads of cane at a time when he was the weigher of Central Carmen, differing to the extent of 1,000 pounds, and so defrauding the farmer, or *colono,* Felipe Rosado. There is no assignment of errors in the brief, but we shall consider some of the matters raised by the appellant at large.

There is nothing in the Penal Code or in the law which requires the information to state that the defrauding was

for the benefit either of the defendant or of the central. It was sufficient without a specification of his motive that someone was defrauded by the illegal action of the appellant.

The appellant then alleges that there was no proof of a criminal intent. There might, perhaps, be some merit to this contention if the law required an averment of such a criminal intent. We think the intention of the Legislature was otherwise. Section 15 of the Act of August 18, 1913, Extraordinary Session, 1913, p. 104, is as follows:

"No person shall give or permit to be given any false or short weight or measure in the sale or transfer of any goods, wares or merchandise, and no person shall use, or permit to be used, any false weight or measure, in any industrial or commercial transaction as a basis for compensation in the sale, transfer or transportation of any goods, wares or merchandise."

This is one of several sections fixing duties and responsibilities of various kinds upon weighers in commercial transactions, some of them positive, like the matter of marking goods and exhibiting scales, and some of them prohibitions, like section 15, *supra,* under which appellant was accused, Section 20 provides:

"Any person violating any of the foregoing provisions of this act or of the rules and regulations prescribed in pursuance thereof and any person who as employer or as an officer, director, stockholder or agent of any corporation, or as a member of any firm or partnership or otherwise shall direct, order, permit or consent to any infraction of the foregoing provisions of this act, or of the said rules and regulations, shall be deemed guilty of a misdemeanor, and upon conviction thereof, by a court of competent jurisdiction, shall be punished for the first offense, by a maximum fine of fifty dollars or by imprisonment not to exceed fifty days and for the second offense by a fine of not less than fifty dollars nor more than two hundred and fifty dollars, or by imprisonment for a term not to exceed ninety days, and for subsequent offenses by a fine of not less than two hundred dollars nor more than five hundred dollars and by imprisonment for not more than one year."

It is evident that the Legislature regarded these matters in the same light as municipal ordinances, infractions of which are commonly considered as *mala prohibita* and criminal intent is not a necessary element. *Commonwealth* v. *Sacks,* 43 L. R. A. (N. S.) 1; *State* v. *Armour,* 136 N. W. 565; 40 Cyc. 887, note 67. See also *People* v. *Ferraris,* 15 P. R. R. 793, majority and dissenting opinions, for review of authorities.

The information set up a criminal intent. We are inclined to think this was surplusage and a matter of form under section 83 of the Code of Criminal Procedure. In this case, moreover, the facts are practically undisputed and there is no possibility of the appellant's having been misled by the form of the information.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.